UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Isaac Murray**, | ) C/A No. 3:05-1450-MJP-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Cynthia Mallard; | ) |
| Does, Lexington County Hospital; | ) |
| Does, RAPHA Com Care Homes; | ) |
| Does, Baptist Medical Center; | ) |
| Does, Palmetto Richland; | ) |
| Does, Richland Memorial Hospital; | ) |
| All Patients and Does, SC Dept. of Mental Health; | ) |
| All Patients and Employees, Lexington County Mental Hospital; | ) |
| Judges, Lexington County Probate Court; | ) |
| Employees, Bryan Psychiatric Hospital; | ) |
| SC State Hospital; | ) |
| SC Department of Mental Health; | ) |
| All Doctors and Nurses; | ) |
| Dr. Alwi; | ) |
| Dr. Policeman; | ) |
| Don Caldwell; | ) |
| Mrs. Heyward, Mental Health Specialist; and | ) |
| All Hospitals and Staff, | ) |
| | ) |
| Defendants. | ) |

The plaintiff, Isaac Murray (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names many defendants, but only states factual allegations against two specific defendants. The allegations against the specific defendants fail to state a claim cognizable in this court. The

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

complaint fails to state a claim on which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include

2

claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

Discussion

Plaintiff is a patient in a psychiatric hospital and files three companion cases. *See also* C/A No. 3:05-1359-MJP-JRM and C/A No. 3:05-1444-MJP-JRM. The complaints basically relate to the plaintiff's involuntary commitment to a psychiatric hospital. Plaintiff's challenge to state court proceedings involving his involuntary commitment for mental health care has been addressed in Plaintiff's prior case, C/A No. 3:05-341-MJP-JRM, in which the undersigned recommended dismissal based on the Rooker-Feldman Doctrine prohibiting federal review of state court decisions. As explained, the rulings made in a state Probate Court cannot be reviewed or set aside by the United States District Court for the District of South Carolina. *See* District of Columbia Corut of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983).

The above-captioned case only mentions factual allegations against the Defendants Don Caldwell and Mrs. Heyward. No specific factual allegations are stated against the remaining defendants. The allegations in the complaint state "Don Caldwell social worker and his treatment team for dening [sic] me to return home + they wanting me to go to some home." The complaint also states "Mrs. Heyward MHS say ward as Don Caldwell. For always making trouble for me." Complaint p. 4 [verbatim]. These statements in the complaint fail to state a federal claim against the named defendants. Plaintiff appears to be including these specific Defendants in his general allegation that "all of them are accused of trying to convince me that I am mentally ill and that I

3

would have to be on meds for the rest of my life." As discussed in prior cases brought by Plaintiff in this court, Plaintiff's involuntary commitment for mental health care is not a claim Plaintiff can pursue in this court. As explained in the Report and Recommendation in C/A No. 3:05-341-MJP-JRM, any state law claims, such as medical malpractice, fall outside the limited jurisdiction of this federal court. Although federal courts have discretion to decide pendent state law claims if the federal and state claims arise out of a common nucleus of operative fact, "[i]f the federal claims are dismissed before trial... the state claims should be dismissed as well." Webb v. McCullough, 828 F.2d 1151, 1160 (6th Cir. 1987).

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Although Plaintiff lists several people in the caption of the case, he makes no specific allegations against the named defendants. Plaintiff must make specific allegations against each specific defendant relating to how the defendant violated Plaintiff's federal rights while acting under color of state law. The complaint fails to allege how any of the defendants acted under color of state law, or what federal rights Plaintiff believes were violated by specific defendants. General allegations, without specific factual allegations against specific people, do not state a claim. Plaintiff is not required to plead facts sufficient to prove his case, as an evidentiary matter, however, Plaintiff is required to allege facts that support a claim for relief. Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003). The complaint fails to state a claim against the named defendants and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-

captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915 [district courts should review *in forma pauperis* cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the notice on the following page.

                                                            Respectfully Submitted,

                                                            s/Joseph R. McCrorey
                                                            United States Magistrate Judge

June 2, 2005
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**