IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Isaac Murray,** ] | CIVIL ACTION NO. 3:05-1450-JRM |
| ] | |
| **Plaintiff,** | |
| ] | <u>O R D E R</u> |
| -vs- ] | |
| | |
| CYNTHIA MALLARD; ] | |
| DOES, LEXINGTON COUNTY | |
| HOSPITAL; DOES, RAPHA CORN ] | |
| CARE HOMES; DOES, BAPTIST | |
| MEDICAL HOSPITAL; ] | |
| ALL PALMETTO HOSPITAL; | |
| DOES, RICHLAND MEMORIAL ] | |
| HOSPITAL; ALL PATIENTS AND | |
| DOES, SC DEPT. OF MENTAL ] | |
| HEALTH; ALL PATIENTS AND | |
| EMPLOYEES, LEXINGTON ] | |
| COUNTY MENTAL HEALTH; | |
| ALL DOCTORS AND NURSES; ] | |
| DR. ALWI; DR. POLICEMAN; | |
| DON CALDWELL; MRS. HEYWARD, ] | |
| MENTAL HEALTH SPECIALIST; | |
| AND ALL HOSPITALS AND STAFF ] | |
| | |
| **Defendants.** ] | |

_____

      The plaintiff Isaac Murray proceeding *pro se* filed the instant civil action. Although numerous parties are named in the caption of the complaint, the plaintiff only sets forth allegations against two defendant, Don Caldwell and Mrs. Heyward. The plaintiff alleges *that* "Don Caldwell social worker and his treatment team for dening [sic] *me to ret*urn home + they

wanting me to got to some home." He alleges that Mrs. Heyward MHS "say ward as Don Caldwell. For always making trouble for me." Plaintiff seeks damages of $999 Zillion + 99 cents as well as the return of all his records since 1963.

Pursuant to the Local Rules of this Court, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for review.  In his report, the Magistrate Judge recommends that the Court dismiss this action due to the plaintiff's failure to state a cause of action upon which this court can grant relief. The plaintiff has not objected to the recommendation.

The applicable standard of review for this Court is clear.  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. <u>Matthews v. Weber</u>, 423 U.S. 261 (1976). The Court is charged with making a <u>de novo</u> determination of those portions of the report and recommendation to which specific objection is made 28 U.S.C. §636(b)(1)(C).  However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the recommendation to which no objections are addressed.  <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985).  In the instant action, the plaintiff has not objected to the Magistrate Judge's recommendation. The plaintiff did write a letter to the Court wherein he advises the Court *inter alia* that he is a leader for the benefit of all mankind. His letter, however, fails to set forth objections which would  However, his letter fails to set forth any reason why the Court should not accept the recommendation of the Magistrate Judge.

The Court is aware that the plaintiff is *pro se* and has carefully reviewed the plaintiff's

complaint. Upon review, the Court finds no basis upon which this court can exercise jurisdiction over the allegations set forth in plaintiff's complaint. Plaintiff appears to be complaining about his involuntary commitment to a mental institution. This Court has no jurisdiction over a commitment order of a state Probate Judge. In addition, the allegations he makes against Mrs. Heyward and Don Caldwell do not rise to a federal cause of action upon which this court could exercise jurisdiction. Accordingly, the Court concurs with the recommendation of the Magistrate Judge that this case should be dismissed. The Magistrate Judge's recommendation is approved. For the reasons set forth in the Report and Recommendation of the Magistrate Judge, this action is hereby DISMISSED.

    IT IS SO ORDERED.

                                          s/MATTHEW J. PERRY, JR.
                                          SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 16, 2005.